UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASON BARBOSA, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 18-cv-11503-DJC |
| STEVEN SILVA, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**CASPER, J.** September 3, 2019

## I. Introduction

Petitioner Jason Barbosa ("Barbosa"), acting *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). D. 1. Respondent Steven Silva ("Respondent"), the Superintendent of the Souza Baranowski Correctional Center, moves to dismiss the Petition. D. 12. For the reasons discussed below, the Court ALLOWS the motion to dismiss as to Ground Eight and will allow the motion to dismiss as to the other exhausted grounds unless, within 30 days of this Order, Barbosa voluntarily dismisses the unexhausted claims (Grounds Four and Five) and seeks to proceed with the remaining exhausted claims (Grounds One through Three and Six through Seven).

## II. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), federal courts may review petitions for habeas relief resulting from either a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law" or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28

U.S.C. § 2254(d). As an initial matter, a petitioner must show that he has exhausted all of his state court remedies or, in the alternative, that the State did not offer appropriate corrective measures. Id. To carry the burden of proving exhaustion, Barbosa must demonstrate that he has "fairly and recognizably" presented his claim to the state's highest court, the Supreme Judicial Court in this case. Casella v. Clemons, 207 F.3d 18, 20 (1st Cir. 2000); Adelson v. DiPaola, 131 F.3d 259, 263 (1st Cir. 1997) (noting that "the decisive pleading [regarding exhaustion] is the application for further appellate review, and [the Court] must determine whether the petitioner fairly presented the federal claim to the [Supreme Judicial Court] within 'the four corners' of that application").

For the purposes of § 2254(d)(2), any factual determinations made by a state court are "presumed to be correct" unless rebutted by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "[A] decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

### III. Relevant Factual and Procedural Background

Unless otherwise noted, the factual background set forth below is drawn from the Supreme Judicial Court's decision affirming Barbosa's conviction. Commonwealth v. Barbosa, 477 Mass. 658 (2017).[1]

#### A. Police Investigation and Charge

The charges against Barbosa arose out of the February 2012 murder of Anthony Depina ("Depina"), who was shot outside of a bar in Roxbury, Massachusetts. Appx. 90. The

---

[1] The cited materials are contained in the Appendix ("Appx.") filed with Respondent's memorandum in support of the motion to dismiss. D. 13-1.

2

Commonwealth alleged that Barbosa was a knowing participant in the murder, either as the shooter or as an accomplice. Id. The jury found Barbosa guilty of murder in the first degree. Id.

The events of February 2012 resulted from animosity between two rival gangs. Appx. 91. Barbosa and Depina were associated with rival Cape Verdean gangs – the victim, Depina, was associated with the Wendover Street gang and Barbosa was associated with the Woodward Avenue gang. Id. In December 2011, Barbosa and other members of the Woodward Avenue gang were involved in an altercation with members of the Wendover Street gang, during which Barbosa was injured. Id. Two months later, on the evening of February 23, 2012, Barbosa and other Woodward Avenue gang members went to a bar located in an area claimed by the Woodward Avenue gang, but also frequented by members of the Wendover Street gang. Id. Depina also visited the bar that evening. Id. Although associated with rival gangs, Depina and Barbosa had grown up together, so Depina greeted Barbosa and shook his hand before walking to the end of the bar. Id. Both men came and went from the bar at various times that evening without incident. Id. Barbosa at one point left the bar and drove around the area, returning to the area of the bar and appearing to be searching the area. Id. at 91-92. Having left the bar during this time, Depina and a woman he was with returned to the bar with plans to get a drink with some friends. Id. at 92. The friends decided not to go into the bar, so Depina stood outside talking at the window of the friend's vehicle. Id. While Depina was talking to his friend, Barbosa drove up in a small black SUV and told Depina "you don't belong here" before driving away. Id.

Following this interaction, Depina's friends encouraged Depina to leave the area, but he refused, stating that he was a "tough kid" and wouldn't be told where he could go. Id. Depina's friends left and he and the woman he was with intended to stay at the bar for a drink. Id. The woman went into the bar to use the restroom and Depina stayed outside to smoke a cigarette. Id.

3

While Depina was outside, Barbosa drove by again slowly. Id. Depina pointed at Barbosa as he drove by and then went into the bar. Id. Once he found the woman he had arrived with he told her that he had changed his mind and wanted to leave. Id. As the two approached Depina's vehicle, they noticed headlights from a vehicle up the street flash four times. Id. Depina then stated "are you for real, little J," referring to Barbosa by his nickname, and the woman looked up to see an individual walking in the street towards them. Id. Moments later, an individual shot at Depina from a nearby alley. Id. Depina was shot in the torso and head and fell to the ground, id., and died within seconds. Id. at 95. Investigators were unable to confirm whether the shots came from one or multiple weapons. Appx. 93.

At the time of the murder, Barbosa was on probation and wearing a GPS monitor. Appx. 92. Data from the monitor indicated that Barbosa was near Depina at the time of the murder and was then in a vehicle traveling away from the bar immediately thereafter. Id. Officers arrived at the scene to find the woman who was with Depina inconsolable and they took her to the police station for questioning. Appx. 93. She continued to be distraught and explained "they're going to kill me for this" and "I'm going to die for this. I'm going to tell you anyway." Id. She then proceeded to identify Barbosa as the shooter. Id. Two days later, Barbosa and another man were stopped by police, who searched Barbosa's phone pursuant to a search warrant. Id. Telephone records indicated that Barbosa called one of the leaders of the Woodward Avenue gang a couple minutes before the shooting and then called another leader of the gang about one minute after the shooting. Id. Over the next ten minutes following the shooting, Barbosa made calls to and received calls from other Woodward Avenue gang members. Id.

B.  **Relevant State Court Proceedings**

After the jury found him guilty of murder in the first degree, Barbosa appealed to the Supreme Judicial Court. Appx. 90. On appeal, Barbosa argued that: (1) the Commonwealth presented insufficient evidence to support his conviction; (2) the trial judge abused her discretion by admitting prejudicial gang evidence; (3) the prosecutor's opening statement and closing argument were improper; (4) the judge allowed inadmissible statements and allowed improper interpretive testimony; (5) trial counsel provided ineffective assistance of counsel; and (6) the motion judge improperly denied the defendant's motion to dismiss the indictment. Id. The Supreme Judicial Court affirmed the conviction and denied any relief under Mass. Gen. L. c. 278, § 33E. Appx. 90, 101.

C.  **This Petition**

Barbosa filed the Petition on July 18, 2018. D. 1. The Petition asserts the following grounds for habeas relief, most involving claims that he raised in his direct appeal: (1) the Commonwealth failed to prove Barbosa's guilt beyond a reasonable doubt; (2) the trial judge erred as a matter of law in admitting certain evidence from a gang expert; (3) the prosecutor's opening and closing statements were improper; (4) the trial judge allowed into evidence inadmissible statements that violated Barbosa's Fourteenth Amendment rights; (5) the trial judge improperly allowed interpretive testimony in violation of Barbosa's Fourteenth Amendment rights; (6) Barbosa was deprived of effective assistance of counsel; (7) Barbosa was denied a fair trial in violation of his Fifth Amendment and Fourteenth Amendment rights; and (8) the state court improperly denied Barbosa's motion to dismiss the indictment in violation of his Fourteenth Amendment rights. D. 1. Barbosa sought a stay and abeyance on the same day that he filed the

5

Petition, which the Court denied, D. 15, but which he now reasserts in his opposition to the motion to dismiss. D. 23.

## IV. Discussion

### A. Ground Eight – Alleged State Law Error Not Cognizable in § 2254 Petition

Respondent argues that Ground Eight of the Petition, whereby Barbosa claims that the state court improperly denied his motion to dismiss the indictment in violation of the Fourteenth Amendment, must be dismissed because the claim arises under state law and not federal constitutional grounds. D. 1 at 8; D. 13 at 13. Barbosa failed to respond to this argument. See D. 22.

The sufficiency of evidence supporting a grand jury indictment is not cognizable under federal constitutional law. Costello v. United States, 350 U.S. 359, 362 (1956) (stating that "neither the Fifth Amendment nor any other constitutional provision prescribes the kind of evidence upon which grand juries must act"); see United States v. Lopez-Lopez, 282 F.3d 1, 9 (1st Cir. 2002); Woodcock v. Amaral, 511 F.2d 985, 993 (1st Cir. 1974). Moreover, "[f]ederal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Smith v. Phillips, 455 U.S. 209, 221 (1982). Barbosa's claim based on the state court's failure to dismiss the indictment against him is a state law claim, not a constitutional claim, and, therefore, are not cognizable for the purposes of habeas review. See Pulley v. Harris, 465 U.S. 37, 41 (1984) (noting that "[a] federal court may not issue [a] writ [of habeas corpus] on the basis of a perceived error of state law"); Silva v. Roden, 52 F. Supp. 3d 209, 219 (D. Mass. 2014) (stating that "habeas relief is only available if a prisoner is in custody in

violation of the Constitution or laws or treaties of the United States; it does not lie for errors of state law") (internal quotations omitted). As a result, Ground Eight is dismissed from the Petition.[2]

### B. Failure to Exhaust Grounds Four and Five

Respondent argues that Barbosa has failed to exhaust at least two claims in the Massachusetts state courts and, therefore, the entire Petition should be dismissed. D. 13 at 4-10. Specifically, Respondent argues that Grounds Four and Five have not been exhausted in the state courts because, although Barbosa raised similar arguments before the Supreme Judicial Court, they were not framed as constitutional violations, but as violations of state evidentiary law. Id. In opposition, Barbosa does not appear to contest Respondent's argument that he has failed to exhaust these claims, but seeks a stay and abeyance permitting him time to exhaust the claims without dismissal of the Petition. D. 23 at 1-6.

"In recognition of the state court's important role in protecting constitutional rights . . . a federal court will not entertain an application for habeas relief unless the petitioner has fully exhausted his state remedies in respect to each and every claim." Adelson, 131 F.3d at 261. To satisfy the exhaustion requirement, "[i]t is not enough merely to raise an issue before an intermediate court; one who seeks to invoke the federal habeas power must fairly present – or do his best to present – the issue to the state's highest tribunal." Mele v. Fitchburg Dist. Court, 850 F.2d 817, 820 (1st Cir. 1988). "A claim is fairly presented when the petitioner has tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." Sullivan v. Saba, 840 F. Supp. 2d 429, 434 (D. Mass

---

[2] Alternatively, even if Barbosa could invoke federal constitutional law as to this claim, such claim is unexhausted as he did not clearly invoke same when raising this issue in state court, see Appx. 100-01; D. 1-1 at 99, and for reasons similar to those discussed below as to Grounds Four and Five, such claim would also be unexhausted and subject to dismissal. See D. 13 at 13 n.8.

7

2012) (internal quotations omitted) (citing Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007)). To exhaust federal claims in state court, the federal nature of the claims must be indicated by: "(1) citing a provision of the federal constitution; (2) presenting a federal constitutional claim in a manner that fairly alerts the state court to the federal nature of the claim; (3) citing federal constitutional precedents; or (4) claiming violation of a right specifically protected in the federal constitution." Clements, 485 F.3d at 162. If a habeas petition includes both exhausted and unexhausted claims, a federal court generally must dismiss the petition. Johnson v. Rodin, 926 F. Supp. 2d 394, 399 (D. Mass. 2013). However, "[i]n some circumstances, a petitioner may delete his unexhausted claims and proceed only on his exhausted claims." Id.

  1. *Ground Four*

In Ground Four, Barbosa argues that the trial judge improperly admitted as excited utterances certain statements made by the woman that Depina was with on the night he was killed. D. 1 at 7. In the Petition, Barbosa alleges that admitting these statements amounted to a violation of his rights under the Fourteenth Amendment. D. 1 at 7. These statements were admitted through the testimony of a police officer who stated that the woman made the statements while being transported to the police station and while being interviewed at the station. Appx. 60-61. In his brief to the Supreme Judicial Court, Barbosa contested the admission of this testimony, but relied solely upon Massachusetts evidentiary rules and cases to do so, without any reference to the Fourteenth Amendment, due process, any other constitutional grounds or Supreme Court cases. Appx. 60-62. Where the legal theories presented to the state and federal courts are not the same, the ground has not been exhausted for purposes of a habeas petition. See Clements, 485 F.3d at 162. Under these circumstances, this Court concludes that Barbosa has not exhausted his due

8

process claim to the extent he alleges such a claim here as to this issue. See Jackson v. Coalter, 337 F.3d 74, 86 (1st Cir. 2003).

### 2. *Ground Five*

In Ground Five, Barbosa argues that the trial judge improperly allowed testimony by a lead investigator, who offered certain lay opinion about the significance of certain GPS and video evidence, which violated Barbosa's Fourteenth Amendment rights. D. 1 at 7. In his brief on appeal to the Supreme Judicial Court, however, Barbosa's arguments regarding the admissibility of this testimony were grounded in state evidentiary rules and did not raise any constitutional arguments. Appx. 63-64. Although Barbosa did cite to some federal cases, these cases did not address the constitutionality of admitting evidence, but only discussed the applicable rules of evidence. See id. The brief did not refer to due process or any constitutional principles or amendments. As the legal theories that Barbosa has presented to the state and federal courts are different, Barbosa has not exhausted Ground Five. Johnson, 926 F. Supp. 2d at 399 (noting that "[b]oth the supporting facts and the legal theories underlying the petition for writ of habeas corpus in federal court must have been included in the claims presented to the state court").

### C. **Stay and Abeyance**

Barbosa argues that, instead of granting Respondent's motion to dismiss due to the unexhausted claims, the Court should grant him a stay and abeyance to allow him to return to state court and exhaust the constitutional claims not previously raised on appeal. D. 23 at 1-6. A court should only stay resolution of exhausted claims and hold a petition in abeyance "in limited circumstances." Rhines v. Weber, 544 U.S. 269, 277 (2005). "[T]o obtain a stay of a mixed petition, the petitioner must show that there was good cause for failing to exhaust the state remedies, the claims are potentially meritorious, and there is no indication that the petitioner

9

engaged in intentionally dilatory tactics." Josselyn v. Dennehy, 475 F.3d 1, 4 (1st Cir. 1007) (internal quotations omitted) (citing Rhines, 544 U.S. at 278).

Barbosa fails on the first requirement as he has not shown good cause for his failure to raise the constitutional claims on appeal to the Supreme Judicial Court. Barbosa appears to argue that he has good cause based upon ineffective assistance of counsel. D. 23 at 2-3. Barbosa states that his appellate attorney failed to "investigate his claims concerning the flawed jury instructions use of presumptive language" and "that flawed jury instructions [were] provided to the jury on joint venture liability . . . ." D. 23 at 3. It is unclear how this alleged failure by counsel relates to Barbosa's failure to exhaust the claims raised in Grounds Four and Five which relate to the allegedly improper admission of certain evidence. Moreover, his appellate counsel invoked federal constitutional law as to other of his claims on direct appeal, see Appx. 46, 54, 64, suggesting that any failure to do so as to Grounds 4 and 5 was not the reflection of ineffectiveness, but strategic choice. Even so, such alleged failure by appellate counsel here does not amount to good cause for failure to raise these constitutional claims before the Supreme Judicial Court. Carriere v. Medeiros, No. CV 15-13496-FDS, 2017 WL 2701750, at *4 (D. Mass. June 22, 2017) (stating that "neither ineffective assistance of appellate counsel, nor a litigant's *pro se* status, will support a finding of good cause in the habeas context"); Dorisca v. Marchilli, No. CV 17-10376-FDS, 2017 WL 3037784, at *3 (D. Mass. July 18, 2017).

Moreover, neither Ground Four nor Ground Five appears to be potentially meritorious to pursue in the Petition, particularly as they were not previously raised in state court. See Lykus v. Commonwealth, 432 Mass. 160, 163 (2000); Commonwealth v. Lowe, 405 Mass. 1104, 1104 (1989). That is, to the extent that such constitutional claims had any merit, they are procedurally defaulted in state court at this point. Lykus, 435 Mass. at 163; see Coleman v. Thompson, 501

U.S. 722, 735 n.1 (1991). Given such procedural bar to state review, there is no indication in the record that Barbosa could then meet the high bar for cause and actual prejudice to raise such issues here. Ortiz v. DuBois, 19 F.3d 708, 714 (1st Cir. 1994). Accordingly, a stay and abeyance is not warranted here.

Even where a court finds that such stay and abeyance is inappropriate, the Court may allow a petitioner to dismiss unexhausted claims from the Petition and proceed with the exhausted claims. Martinez v. Ryan, 346 F. Supp. 3d 203, 210-11 (D. Mass. 2018) (citing Rhines, 544 U.S. at 279). Accordingly, Barbosa may choose to dismiss Grounds Four and Five, which are not exhausted, and proceed with the remainder of his claims (Grounds One through Three and Six through Seven). The entire Petition, therefore, will be denied unless Barbosa voluntarily dismisses the unexhausted claims (Grounds Four and Five) and proceeds with the remaining claims within 30 days of this Order.

## V. Conclusion

For the foregoing reasons, the Court will ALLOW the motion to dismiss the Petition, D. 12, as to Ground Eight and, as to the other grounds, the Court will dismiss the Petition in full unless on or before October 3, 2019, Barbosa files notice with this Court voluntarily dismissing the unexhausted claims (Grounds Four and Five) and seeks to proceed with the remaining, exhausted claims (Grounds One through Three and Six through Seven).

**So Ordered.**

/s/ Denise J. Casper
United States District Judge